Ruffin, C. J.
 

 The question in the case is, whether the plaintiff’s husband got the legal estate of the land in fee, or for life only, under his father’s will. It would, really, seem to be of very little consequence to the plaintiff, which way it is. For, if, upon the construction of the will, it should be held, that by the strict legal limitation he was the tenant in fee, he, immediately, took beneficially but an estate for life, and as to the remainder in fee he took the estate in trust to appoint and divide it among his children. Consequently, if the plaintiff could recover dower at law. it would answer her no purpose j for she would come in of the estate of the husband, and be, herself, a trustee for the children, and, therefore) equity would restrain her from enforcing her recovery by law. But we are of opinion, that the son took but an estate for life, with the power of dividing the Iqnd, 'and the other property either in his life-time or at his death, among his children, as purchasers from the testator, and that, until such app,ointment, the remainder in fee either vested in the children or descended to the heirs of the testator. It is very clear, that yrhen there is an express estate for life to one and a power tp him to appoint the estate among certain persons, the first taker gets but an estate for life. Indeed, a devise to one for life expressly, with a remainder to such persons, generally, as he shall appoint, does not confer on the former the absolute pro
 
 *433
 
 perty, though he may get it by "exercising his power.
 
 Barford
 
 v. Street, 16 Ves. 135. Of course the same result more clearly follows, when the power is to appoint to or among particular persons. When, however, the estate is not given expressly for life, but indefinitely to a devisee, with’power to appoint, in his discretion, or as he pleases, among certain named persons, or a certain class, it is not equally clear, at least upon authority, what estate the devisee takes: whether a fee simple conditional, or the fee upon trust to make the appointment, or an estate for life with power to appoint the fee. Anciently, when the jurisdiction in equity was not so fully established and understood as now, these limitations were treated as conditions, for the sake of the remedy by the entry of the heir for failing to appoint or appointing contrary to the will.
 

 But, at this day, that view of a devise would, probably, be seldom taken, as the remedy is much more convenient in equity, by considering the fee absolute, and the direction to appoint a trust, rather than a condition at common law. Between the alternative of a life estate with power to appoint the inheritance, or that of a fee simple in the devisee upon trust to appoint, the authorities and the reason of the thing are favorable to the former. Such was the decision ultimately of the case of
 
 Daniel
 
 v.
 
 Ubley,
 
 1 Jones Rep. 137. Noy’s Rep. 80; and Mr. Sugden, in his Treatise on Powers 121, says, “the better opinion certainly is, the devise is for life, with a power to appoint the inheritance,
 
 unless the words of the will clearly negative such a construction.'”
 
 But it is said, that the rule is different in our law, because, by the act of 1784, Rev. St. c. 122, s. 10, devises of land are to be construed to be in fee, unless by the express words of the will or by plain intendment they may be held to be of a less estate. But, we think the purpose of that provision is to establish a rule between the heir and the devisee, in respect to the beneficial benefit of the latter. Undoubtedly, the son took a life estate, at most, to his own use; for the will is express, that the land «hall be divided among his children, with only the qualification, that such division shall be in such mode, and shares, as
 
 *434
 
 the devisee may choose. Then why should the son have a Iarger legal estate than for his own life
 
 1
 
 What interest would it subserve ? None whatever; for the appointees would get the same in either instance, whether the appointment operate on the inheritance vested in the son as devisee, or in the testator’s heir at law, or on the inheritance limited in the will to the son’s children, as a remainder after the previous life estate of the son. There are therefore, the same reasons, drawn from convenience and the presumed intention of the testator, in our law as in that of England, upon a provision of this kind, that the devisee should not have a greater legal estate than one commensurate with his beneficial, ownership, namely, for his own life. This conclusion is fortified, too, by the circumstance that the language of the will is not, that the son may
 
 dispose
 
 of the residue of the estates, real or personal, after the termination of his own enjoyment, but merely that he shall
 
 “divide and distribute1'1
 
 them among his children. If that be so, it is not material that we should determine in the present case whether, the inheritance is, as a reversion, in the testator’s heirs at law, or, as a remainder, in the children of the devisee and son. In either case, the fee was never in the plaintiff’s husband ; at-least, it does not so appear upon these pleadings.
 

 Moses W. Alexander is called in the will the testator’s son, it is true ; but he is not stated to be his heir or one of his heirs, nor his son born in lawful wedlock, whereby he would appear to be his heir. On the contrary, the petition, by implication, excludes any such inference, by specially setting out the will and claiming the fee to be in Moses W. Alexander by virtue of the devise, and that only. As we think he took .only a life estate by the will, it follows the petitioner is not entitled to dower on this land, even at law; and, therefore, that the judgment must be affirmed. But as was mentioned p,t first, if our opinion were otherwise and the petitioner could recover at law, it would be of no value to her; as equity would certainly not allow the gifts to the children to fail, but would supply the want of the execution of the power by
 
 *435
 
 their father, and restrain the' present plaintiff from insisting on her right to dower at law.
 

 There was not more an intention by the testator, that the land should be absolutely the property of his son, than that the money and bonds should be, and the plaintff might as well claim a distributive share in the personalty, as the estate of her husband, as to claim dower in the land.
 

 Judgment affirmed with costs in this court; and this will be certified to the Superior Court, that further proceedings may be had in allotting the dower, recovered by the plaintiff in the other lands.
 

 Per Curiam, Ordered accordingly.