PeabsoN, O. -I.
Three constructions of the will are suggested :
1. The legal and equitable title of the whole estate, both real and personal, is given to Jane G. Boggan absolutely, with a recommendation, or rather the expression of an expectation, that she will use it so as to raise and educate the children, and dispose of' it among them at her discretion, but without conferring on them any rights, either in Law or Equity. We do not adopt this construction ; because it is not justified by the language used, and it is against the usual course of things for a father to leave his children entirely dependant on their mother.
2. The legal estate is given to her, in trust, to raise and educate the children, and in trust to hold all of the estate for them, subject to be divested by a power, in her, to dispose of it among them as circumstances may seem to her to require, without giving her an_y beneficial interest whatever. We do not adopt this construction, because it is evident, the testator had a great affection lor his wife, and we cannot suppose his intention was to leave her unprovided for and entirely de-pendant upon the children, so as to force her to dissent from the will and claim the provision, which is secured to her by law, and thereby defeat the whole plan of his will.
3. The legal title is given to her, in trust, to manage the estate, at her discretion for the support of herself, and to raise and educate the children, leaving the reversion of the trust-estate, after these purposes are answered, to devolve on the children ; subject to be divested by the exercise of a power, given to her, to dispose of it among all the children as their circumstances may seem to require. This, we think, is the'proper construction. It is justified by the language used — it sat *161 isfies affection which he entertained for his wife, and the natural claims of his children, and it meets the confidence which he seems to have had in the good management and discretion of his wife.
The question, then, arises, has the power been exercised so as to divest the estate in the trust, which had devolved on the children. The will of Mrs. Boggan, does not refer to the power, and no property, embraced in it, is mentioned specifically, but the whole estate is mentioned and dealt with as if it belonged to her absolutely; which may be accounted for, on the supposition, that she had adopted the construction of her husband’s will, which is first suggested above. Ve are inclined, however, to the opinion that the facts, that she owned no property or estate whatever, except what she acquired under his will, and that her will purports to dispose of a large estate, indicate, with sufficient distinctness, an intention to make a disposition of the property, embraced by the power, so that her will would be a valid exercise of it, except for another objection, which is fatal, arid renders all of the appointments inoperative and void. The power confided to her was to dispose of the property among all of the testator’s children, as their circumstances may seem to require. Her will does not give the property to the testator’s children ; but gives it to his grandchildren, or other more remote descendants. The sons are not to have any thing, unless they arrive at the age of twenty-one years or leave issue, and the daughters are only to have the use of it for a limited time, to wit, during their lives, and the ownership or absolute property is given to thei/r children, taking as purchasers, with cross limitations in the event of death without issue. This is not a due exercise of the power. In one point of view it does not go far enough, because only limited and restricted estates are given to the objects of the donor’s bounty, or the persons embraced in the power; in another point of view it goes too far, because it extends to persons who are not embraced by the power, and consequently, fails in both respects, to carry into effect the gift which the testator intended, through her instrumentality, *162 to make to his children. It follows that the appointment must be treated as inoperative, as the scope and extent of the power was clearly mistaken by her. So, that the estate in the trust, which vested in the children, subject to be divested by the exercise of the power, is not affected by it.
The solution of the many difficulties suggested by the bill, is now comparatively easy, and has been, in a great degree, accomplished:
1st. Mrs. Boggan being authorised, in her management of the estate, to dispose of any of the property to meet the necessities of the family, or at her discretion, she, of course, had a right to incur debts upon the credit of the estate while it was under her management, and the property is liable for such debts in the hands of her executor.
2. ~We think her executor was at liberty to allow the family to have the use of the property so as to keep up the establishment, as was done in her life-time, until the many questions, which embarrassed his administration, could be settled by a definite construction of the two wills, under which he was acting. In taking the account, all proper allowances will be made to him for charges in this behalf.
3. The estate of the children in the trust was vested ; consequently, Mrs. Bennett had such an equitable interest in the personal estate as would, at her death, devolve on her personal representative, and Mr. Bennett is entitled to it as her administrator. He did not acquire it jure mariti, because it was an eqwitcMe estate, and was not reduced into possession during coverture.
4. The legal title of the real estate, which was in Mrs. Bog-gau, did not pass to her executor, and it is not devised to him, consequently, it passed to the children a3 her heirs-at-law, and the trust-estate, which they held, then merged in it — so, they have a perfect title as tenants in common.
5. The legal title of the personal estate passed to her executor by force of the will. He holds it subject to the payment of the debts incurred by her, and to an account, which must be taken of his administration, and will then deliver it to the *163 ■children, and those who represent them', for the purpose of partition.
Peb CubxaM, Decree accordingly-.