## THOMAS J. GIFFORD & others *vs.* GEORGE CHOATE.

A devise of the residue of the testator's estate, including both land and chattels, to his married daughter, *habendum* to her and her heirs and assigns forever, to her sole and separate use; further providing that on her death the same shall go to her issue in equal portions, or, in event of her dying without issue, to such persons as she shall by will appoint, and in default of such appointment all which shall remain at the time of her decease shall be equally divided among her heirs-at-law; and requesting her husband to assent to any will which she may make; gives her the absolute property in it during her .ife, so that she can convey a good title in fee simple to any part of it.

CONTRACT on the defendant's covenant of warranty of title in fee simple to land in Salem conveyed by him to the plaintiffs by deed dated and delivered March 14, 1868; submitted to the judgment of the superior court, and of this court on appeal, upon facts agreed of which the following is the substance :

Philip Chase died before May 7, 1858, seised in fee of the land, and leaving a will, dated August 22, 1855, which was duly proved and allowed, and by which, after giving certain legacies, he disposed of the residue of his estate, which comprised both real estate and personal property, one third to his daughter

Lydia, one third to his son George, and the remaining third as follows :

" I give, devise and bequeath another third of the residue of my estate and property to my daughter Alice Chase Earle, wife of Thomas Earle, to have and to hold the same to her and her heirs and assigns forever, to her sole and separate use and free from all intervention or control of her said husband ; and upon her decease the same shall go to her issue in equal portions; and in case she shall decease without issue, then the same shall go and be paid to such persons in such sums and in such manner as said Alice shall in any last will direct and appoint; and in default of any such provision by her will, all of said third part of said residue which shall remain at the time of her decease shall be equally divided among her heirs-at-law ; and I request my said son-in-law to assent in due form of law to any such last will as my said daughter may make."

On May 7, 1858, George and Lydia, by deed of quitclaim, conveyed all their interest in the land in question to Alice, who with her husband, on August 17, 1858, by deed of full warranty, conveyed it to George Putnam, and Putnam on the same day, by like deed of warranty, conveyed it to the defendant, who continued in peaceable possession of it until the plaintiffs entered under his deed to them of March 14, 1868, since which date the plaintiffs held possession.

At the date of the writ, May 16, 1868, Alice was living, and had four children living, the eldest of whom was born in October 1851.

*G. Wheatland,* for the plaintiffs.

*J. W. Perry & C. F. Choate,* for the defendant.

HOAR, J. The intent of the testator, to be inferred from the whole provisions of the will, is the true rule for its construction; and the intent thus ascertained is to be carried into effect, unless it is inconsistent with the positive rules of law.

The devise to Mrs. Earle is in the first place in terms which would give her a fee simple ; " to have and to hold the same to her and her heirs and assigns forever." This may be limited to a less estate by subsequent words: but will not be thus re-

stricted unless by necessary implication. It is settled that a devise to one, his heirs and assigns, but if he shall die without issue, then over, creates an estate tail by implication. *Ide* v. *Ide*, 5 Mass. 500. It shows that by " heirs " was meant " issue " or " heirs of the body." And a direct devise to the issue of the first taker upon her death would seem to lead even more strongly to the same result. But it is apparent that it was not the intent of the testator in this case to give an estate tail; because the gift is " upon her decease " " to her issue in equal portions; " that is, to take at once as tenants in common; which is not the mode in which an estate tail is to be held or enjoyed. *Corbin* v. *Healy*, 20 Pick. 514. *Wight* v. *Thayer*, 1 Gray, 284. The devise to her heirs upon her decease, in failure of a disposition by her will, also shows that an indefinite failure of issue was not the contingency which the testator contemplated, but a failure of issue at the time of her death.

The plaintiffs contend that the first devise to Mrs. Earle should be construed as only an estate for life, and that this is most consistent with the intent of the testator as derived from the whole scope of the will. In support of this position it is argued that the leading object of the testator was to prevent any part of the estate from going to his daughter's husband; and that this can only be secured by limiting her estate to an estate for life, with remainder to her issue, and in default of issue at her decease to her heirs as purchasers, subject to a testamentary power of appointment in her.

But the reasons against this construction seem to us insuperable. In the first place, to limit the estate of Mrs. Earle to an estate for life requires the rejection of the words " her heirs and assigns forever " as wholly inoperative. This has been done in some cases, where they are clearly inconsistent with other parts of the will; but words which thus accurately and fully define the estate intended to be given are not to be thus stripped of their legitimate meaning, unless upon the clearest implication from subsequent provisions. But, beside this consideration, we think the will shows a clear intention that Mrs. Earle should have the absolute and unlimited disposal of the estate during her lifetime.

There can be no doubt that her power of disposal was complete if she should die leaving no issue. The power given her to leave it by will could not have meant a mere power of appointment, because her husband is requested to assent in due form to such will as she should make. As the law then stood, a married woman might devise the real estate which she held as her separate property, without the assent of her husband ; but his assent was necessary to the bequest of more than half of her personal estate. But no assent of his would be essential to the validity of a mere power of appointment under the will of her father. The testator therefore contemplated an estate which she could devise. And further, in default of any provision by her will, the gift to her heirs-at-law is only of " all said third part of said residue which shall remain at the time of her decease." This clearly implies a power of disposition during her life ; and such has been the effect given to a similar provision in many adjudged cases. *Attorney General* v. *Hall*, Fitzgibbons, 314. *Ide* v. *Ide*, 5 Mass. 500. *Merrill* v. *Emery*, 10 Pick. 507. *Harris* v. *Knapp*, 21 Pick. 412. *Jackson* v. *Bull*, 10 Johns. 19. *Flanders* v. *Clark*, 1 Ves. 9. *Burbank* v. *Whitney*, 24 Pick. 146. *Homer* v. *Shelton*, 2 Met. 194. 4 Kent Com. (6th ed.) 270. An absolute power of disposal in the first taker is held to render a subsequent limitation repugnant and void.

A somewhat different doctrine is perhaps to be found in *Smith* v. *Bell*, 6 Pet. 68, where a legacy to a wife " to and for her own use and benefit and disposal absolutely ; the remainder of said estate, after her decease, to be for the use of" the testator's son, was held to create a life estate only in the wife, with a vested remainder in the son. The authority of the decision s somewhat impaired by the circumstance that no counsel were aeard on behalf of the party against whom it was made, and the attention of the court does not seem to have been drawn to the authorities in favor of the opposite conclusion. But the decision is made to rest upon the fact that the remainder was the only substantial provision made by the will for the testator's only child ; and there were no words directly extending the wife's interest beyond her life.

In *Sarle* v. *Court of Probate*, 7 R. I. 270, it was held that a gift over of what should remain of personal estate at the death of the first taker, might be explained without an implication of more than an estate for life, by reason of the perishable nature of some part of the property bequeathed.

In *Barker* v. *Barker*, 2 Sim. 249, the devise was to A. and her heirs and assigns forever; but, if she should die leaving lawful issue, then to her child or children, and his, her or their heirs and assigns as tenants in common, if more than one. It was held that A. did not take an estate which her issue could by possibility inherit, because her children would take as purchasers, by force of the gift; and that on her death, leaving issue, her husband was not entitled as tenant by the curtesy. In *Sumner* v. *Partridge*, 2 Atk. 47, the devise was to A. and her heirs, and , if she died before her husband, he to have £20 a year for life, remainder to go to her children ; and the wife died before the husband. It was held that the husband was not entitled to curtesy, as the children took the remainder, and the wife's estate was not an estate of inheritance. In these cases the ordinary force of the word " heirs " was restricted by the subsequent limitation, but there was no expression showing an intent to give an absolute power of disposal of the first taker.

In *Buckworth* v. *Thirkell*, 3 B. & P. 652, note, and in *Moody* v. *King*, 2 Bing. 447, the devise over was to other persons than children, and it was held that the first devisee had an estate of inheritance, out of which dower or curtesy might arise.

In *Pearson* v. *Otway*, 2 Wils. 7, the devise was to P. for life, and after her death to her lawful issue, and, if she should have no issue, that she should have power to dispose of the lands at her will and pleasure ; and it was held that in default of issue P. took a fee by the later words. P. was heir-at-law, and Gundry, J., said that she took an estate tail and a fee upon contingency by the will, and had a fee by descent.

In *Herbert* v. *Thomas,* 3 Ad. & El. 123, a devise to the testator's wife, her heirs and assigns, " with the intention that she may enjoy the same during her life, and by her will dispose of the same as she thinks proper," was held to give a fee, and not

an estate for life with power of appointment. The court say that it was only a permission to do with the estate what she might have done without the permission.

In the case at bar, the devise includes both real and personal estate; and both are given by the same language. The inference that the power of disposal applies to both is therefore strong. And although we might conclude that it was the intention of the testator that his daughter's husband should take no benefit under his will, we think the reasons are still more conclusive in favor of the opinion that he intended that she should have the absolute property in it during her life. Whether this would lead to the result that the subsequent provisions to the gift to her in fee are inconsistent with this intent, and therefore to be held repugnant and void, — or we should find it consistent with the rules of law to construe the devise as made to her in fee, with an executory devise of whatever might remain in her possession at her decease, in case she should die leaving issue, to her issue, as was suggested in *Harris* v. *Knapp*, 21 Pick. 412, — in either case her conveyance would give a good title in fee to her grantee, and the plaintiffs' action would fail.

*Judgment for the defendant.*