THOMAS D. McDOWELL, Adm'r *cum test. annexo* of LUCY ANN BROWN, dec'd, *v.* WILLIAM H. WHITE.

A direction in a will to *divide* an estate *real* and personal, is not a direction to *sell* the real estate for a division : *Hence*, the words, "The rest and residue of my estate, whether real or personal, I give to be divided between the legatees herein mentioned, in proportion," &c. confer no power on the administrator *cum testamento annexo* to sell such real estate for the purpose of a division.

(*Foster* v. *Craig*, 2 Dev. & Bat. Eq. 209, cited and approved.)

CASE AGREED submitted to *Russell, J.,* at the Spring Term, 1872, of the Superior Court of BLADEN county.

The case as disclosed by the record sent to this Court, is as follows :

Lucy Ann Brown died in the State of Mississippi, having first made and published her last will and testament, which was admitted to probate in the county of Lowndes, in that State, in April, 1871. An exemplification of this will, duly authenticated and certified, was exhibited before the Judge of Probate of Bladen county, N. C., in which the testatrix had property, and was filed and recorded as prescribed by law, and the plaintiff appointed administrator with the will annexed. In her said will, the testatrix, after making sundry other bequests, concludes as follows : "The rest and res-

idue of my estate, whether real or personal, I give to be divided between the legatees herein named, in proportion to the sums herein given." The plaintiff, after qualifying as administrator, and upon due notice, sold the real and personal estate of his testatrix, at which sale, the defendant purchased a house and lot in Elizabethtown, in said county, for $1,003. When payment was demanded in accordance with the terms of the sale, he refused to pay his bid, alleging that under the will the plaintiff had no power to sell the real estate of the testatrix and make title to the purchaser.

It was submitted, that if his Honor should be of opinion that the will of the said Lucy Ann Brown gave the plaintiff, as her administrator with the will annexed, power to sell her real estate situated in North Carolina, then judgment should be rendered in favor of the plaintiff for the amount of the purchase money and for costs ; otherwise, judgment should be given in favor of the defendant.

His Honor being of opinion, that under the will, the plaintiff was invested with power to sell the house and lot as he had done, directed the Clerk to enter judgment in his favor, for the amount of the purchase money and for costs. From this judgment, the defendant appealed.

No counsel for appellant in this Court.
*Busbee & Busbee*, contra.

SETTLE, J. The question in this case is, did the administrator with the will annexed have the power to sell land ?

The testatrix, after making bequests of money to divers persons, concludes her will as follows : " The rest and residue of my estate, whether real or personal, I give to be *divided* between the legatees herein named in proportion to the sums herein given."

The will was made and duly admitted to probate in the State of Mississippi, and this being made to appear to the Pro-

bate Court of Bladen county, letters of administration with the will annexed, were granted to the plaintiff, who sold a house and lot in Elizabethtown, being the only real estate belonging to the testatrix in this State, to the defendant, who now resists the payment of the purchase money, on account, as he alleges, of a want of power in the plaintiff to sell the real estate of the testatrix. His Honor in the Superior Court gave judgment in favor of the plaintiff. In this there was error, in as much as the will does not, either expressly or by implication, confer a power to sell upon the executor. A simple direction in a will to *divide* an estate, real and personal, is by no means a direction to *sell* the real estate for division.

Nor, can it make a difference, because the real estate happens to be only one acre of land, while the legatees are numerous, for rules of law must be fixed and cannot be made to expand or contract to suit the circumstances of an estate. The case relied upon before us to establish the power of sale is, *Foster* v. *Craig,* 2 Dev. & Bat. Eq. 209. We have examined this case, and also the authorities cited to support it, with care, and find that they all rest upon either an express or plainly implied power to sell, and none of them go to the extent of implying a power from such language as we have in the will under consideration. In *Foster* v. *Craig,* the words of the will are as follows: " The balance of my property to be applied to the payment of my just debts. Should there be a surplus, it is my will and desire, that it be divided equally among the heirs of my deceased brother, Samuel Foster, and the heirs of David Craig ;" and DANIEL, J., in sustaining the power to sell, bases his opinion upon the fact that the testator had made his property, which includes lands, *a fund to be applied in the payment of his debts ;* and he says, " it cannot be applied in that way without a sale, a sale is therefore ordered by the testator himself, and the executors had an implied power to convey."

In the case before us, there is nothing said about the payment of debts, nor is there any other expression from which a power to sell can be implied; and the court will never compel a purchaser to take a clouded or doubtful title.

The clause of the will under consideration makes all the persons named as legatees in the former parts of the will, tenants in common, who, if they see proper, can take proceedings and have the land sold for division, and thus convey a perfect title.

Judgment reversed, and judgment here that defendant go without day.

PER CURIAM.                    Judgment reversed.