SAMUEL M. DAMON, Plaintiff, *vs.* M. DICKSON, and JOHN
　　H. PATY, Assignee in Bankruptcy of M. Dickson, De-
　　fendants.

APPEAL IN EQUITY, FROM PRESTON, J., ON BILL OF INTERPLEADER.

JULY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A clause in the Will of Mrs. B. was as follows: "I give all the resi-
　　due of my property of whatsoever character to my sister Sarah
　　(Mrs. B.) for her life, to hold and enjoy in all respects as she shall
　　deem wise and proper, with remainder to her children, share and
　　share alike. Should either of them die before the mother and
　　leaving one or more children, such child or children to have the
　　share the parent would have received, if living."

Held, this created a life estate in Mrs. D. with a vested remainder in
　　her children. The share of M. Dickson, defendant, as a son of
　　Mrs. D. in the residuary estate of Mrs. B., vested in him at her
　　(Mrs. B.'s) death, and passed to his assignee in bankruptcy.

A remainder may be limited after a life estate in personal property.

OPINION OF THE COURT, BY McCULLY, J.

　　The statement of the case will be found below in the opinion
of Mr. Justice Preston, from whose decree appeal was taken.
We affirm the opinion and decree therein, with a brief exposi-
tion of our views.

　　The case turns on the construction to be given to the follow-
ing clauses in the will of Mrs. Catharine Bates, admitted to
probate in 1883. "I give all the residue of my property of
whatsoever character to my sister Sarah (Mrs. Dickson) for
her life, to hold and enjoy in all respects as she shall deem wise
and proper, with remainder to her children." The question is
whether this created a life estate with a vested remainder, or
was an absolute devise to Mrs. Dickson.

　　If the words, "in all respects as she shall deem wise and
proper," had been omitted, a contention that the former was not

the legal effect of the will could only be maintained on the common law doctrine that there could be no limitation over of a chattel, and that a gift for life carried the absolute interest.

This is claimed by counsel for the defendant, M. Dickson.

This doctrine may be considered to have become obsolete, by the distinction taken between the use and property, which resulted finally in the doctrine that a gift for life of a chattel was a gift of the use only and the remainder over was good as an executory devise. The exception to this rule is the necessary one in the case of a bequest of specific things which can only be used by the consumption of them, as wine, corn, hay and fruits. Kent's Com., 2, 352. *Porter vs. Tournay*, 3 Ves., 311. In *Smith vs. Bell*, 6 Peters, at p. 78, Chief Justice Marshall says: "The rule that a remainder may be limited after a life estate in personal property is as well settled as any other principle of our law;" and in *Allen Adam vs. Carpenter*, 12 Cush., at page 387, Chief Justice Shaw says: "We have no doubt that personal property may be given to one for life, with a remainder to another absolutely." There is no reason, in our view, why we should adopt now this antiquated common law rule in order to defeat an obvious intention of the testator.

This is a devise to the sister to hold and enjoy for life, with remainder to her children.

Against these plain and legally well understood words, is set the expression, "in all respects as she shall deem wise and proper," and it is claimed that they are repugnant to and defeat the provision for a life estate and remainder. But if they were repugnant, why should it be considered that they predominated and controlled the other plain terms of the clause? The plain legal phrases which gave a life estate and a remainder should rather predominate and, if need be, abrogate the weaker indeterminate phrase. We do not, however, see that there is a repugnancy. The words have not a very definite meaning. They are unnecessary, but not conflicting with the estate which is clearly established by apt legal words. We read them as superfluously expressing that the devisee was to have an unre-

stricted enjoyment of the life estate. It was not under the control of trustees. There was no limitation of the uses to which the income might be employed. There was a power (which would have existed without these words) to change the form of investment. But they do not extinguish the vested remainder.

In *Smith vs. Bell*, quoted above, the words of the devise were : " I give and bequeath my personal estate unto my said wife to and for her own use and benefit and disposal absolutely ; the remainder of the said estate, after her decease, to be for the use of my said son." The Court held that as the intent was clear to make a present provision for the wife and a future provision for the son, the last clause, establishing a remainder, could not be expunged or rendered totally inoperative by the words " disposal absolutely." In *Smith .vs. Van Ostrand*, 64 N. Y., the Court of Appeals held that a remainder may be limited upon a bequest of money as well as of other personal property, and the testator may confide the money to a legatee for life, trusting to such legatee to preserve the fund for the benefit of the remainder man, in which case the legatee for life becomes trustee of the principal during the continuance of the life estate.

The construction we give is fully supported by the reasoning and the authorities cited by the learned Justice, whose opinion follows hereafter. Decree will be signed accordingly.

*W. A. Whiting*, for plaintiff.

*P. Neumann*, for defendant Paty, assignee.

*Cecil Brown* and *A. S. Hartwell*, for defendant M. Dickson.

---

### Concurring Opinion of Dole, J.

The case of *Smith vs. Bell*, above quoted, bears strongly upon the main question in this case, and, if it may be relied upon as authority, is probably sufficient to carry the point ; but its value as a precedent is questioned by Judge Hoar in *Giffard vs. Choate*, 100 Mass., 346, as follows : " An absolute power of disposal in the first taker is held to render a subsequent limitation repugnant and void. A somewhat different doctrine is perhaps to be

found in *Smith vs. Bell*, 6 Pet., 68; there a legacy to a wife 'to and for her own use and benefit and disposal absolutely, the remainder of said estate, after her decease, to be for the use of the testator's son,' was held to create a life estate only in the wife with a vested remainder in the son. The authority of the decision is somewhat impaired by the circumstance that no counsel were heard on behalf of the party against whom it was made, and the attention of the Court does not seem to have been drawn to the authorities in favor of the opposite conclusion. But the decision is made to rest upon the fact that the remainder was the only substantial provision made by the will for the testator's only child; and there were no words directly extending the wife's interest beyond her own life."

In the case of *Harris vs. Knapp*, 21 Pick., 415, 416, it was held that a devise " to my said daughter Mary Harris, for her use and disposal during her life; and whatever shall remain at her death, I give the same to her two daughters, Dorothy and Sarah, in equal shares;" gave the devisee a right to dispose of the whole principal. The cases of *Attorney-General vs. Hall*, Fitzgibbon, 314; *Jackson vs. Bull*, 10 Johns., 18; *Ide vs. Ide*, 10 Mass., 504; *Burbank vs. Whitney*, 24 Pick., 146; and many others have adopted the same principle of construction. The words of the devise in *Smith vs. Bell* would seem to bring it within the principle of *Harris vs. Knapp* and the other cases mentioned; these words are, " which personal estate I give and bequeath unto my said wife Elizabeth Goodwin, to and for her own use and benefit and disposal absolutely; the remainder of said estate, after her decease, to be for the use of the said Jessie Goodwin."

In the case before the Court the important words of the devise are: "To my sister Sarah for her life, to hold and enjoy in all respects as she shall deem wise and proper, with remainder to her children share and share alike." Do these words come within the class of cases referred to above? I feel that the view of the Court on this point is the correct one. The words " for her life " imply a life estate, and there are no controlling words

necessarily inconsistent with such a construction. The words "with remainder" (to her children) are customary words to express a devise to take effect upon the extinction of a life estate; I think they may be said to be technical words with an understood meaning; they do not have the same meaning as the words "whatever shall remain at her death," in the case of *Harris vs. Knapp.* With this clear statement in the case before us of a devise of a life estate, with an absolute estate to take effect upon the extinction of the life estate, the other words, "to hold and enjoy in all respects as she shall deem wise and proper," are not sufficiently inconsistent with or opposed to such a construction as to seriously weaken it; they may, on the other hand, be read, without violence to their common meaning, so as to be perfectly in keeping with the theory of a devise of a life estate with remainder over. I have found no case which would support such a construction of the words of this devise as would give the absolute right of disposal to the first devisee.

I therefore concur in the conclusion of the opinion of the Court.

### DECISION OF PRESTON, J., APPEALED FROM.

The bill alleges that on the 7th July, 1888, the defendant M. Dickson was adjudged a bankrupt, and that the defendant Paty was duly appointed assignee; and that said Dickson, on his bankruptcy, became divested of all interest and title in his property, and that on October 23, 1888, the plaintiff, at the request of said Dickson, was appointed attorney for him in connection with and for other heirs of Sarah Dickson. That in the year 1883, one Catharine Bates died in the State of Ohio, U. S. A., and her last will and testament was duly probated on or about March 23, 1883, in the Probate Court of Hamilton County, in said State of Ohio. That among other provisions in said will is the following bequest: "I give all the residue of my property of whatever character to my sister Sarah for her life, to hold and enjoy in all respects as she shall deem wise and proper, with remainder to her children share and share alike. Should either of them die before the mother and leaving one or more

children, such child or children is to have the share the parent would have received if living." That said Sarah Dickson died in Honolulu on or about July 26, 1888, and among other children of her's surviving is the defendant M. Dickson. That plaintiff, on December 24, 1888, received from one Joshua H. Bates, executor of the will of said Catharine Bates, the sum of $7477 as the share of the defendant M. Dickson, of the property held under said will, and that the sum of $7102 of said money or fund is now in San Francisco under the control of the plaintiff. That defendant Paty, as assignee in bankruptcy of said defendant Dickson, has claimed of plaintiff said money or funds in his hands, and has demanded that the same be paid to him, and threatens plaintiff with a suit or action for the same, said demand being made on March 9, 1889. That said defendant Dickson also claims of plaintiff said moneys or funds, and threatens plaintiff with suit or action for same, a demand for same having been made on March 12th. The bill contains the usual allegations of no interest, etc., and prays that the defendants may interplead their said claims, and for liberty to pay the said sum of $7102 into Court, and for an injunction.

The defendant, M. Dickson, by his answer admits all the allegations in the bill, and further says that the said sum of money in the hands of plaintiff, or paid into Court by him, was collected by plaintiff as the attorney-in-fact of the defendant under power of attorney duly executed and delivered subsequent to the filing of his petition in bankruptcy and adjudication as a bankrupt (and revoked previous to the filing of said bill), and was not at the date of the filing of said petition for adjudication for bankruptcy a part of his estate, and as such returnable by him as a part of his estate, nor did the defendant have any interest or title to same on said seventh day of July, 1888. That said money did not become vested in him nor was he entitled to the same until on or about the 26th day of July, 1888, and that said money is property acquired subsequent to and after the adjudication of the defendant as a bankrupt, and that there-

fore the defendant Paty, as assignee, is not entitled to recover said money, nor is he as such assignee entitled to the possession thereof.

The defendant Paty, by his answer, alleges that the defendant Dickson, on the seventh day of July, 1888, filed his certain schedule containing, among other things, an inventory of his assets, but failed to set forth in his schedule his interest in the estate of Catharine Bates, deceased, being the sum of money then in the hands of the plaintiff or deposited in Court. That the said sum collected by plaintiff, under power of attorney from the defendant Dickson, was the property of said defendant on the said seventh day of July 1888, and as such was part of his estate in bankruptcy, whereunto the defendant Paty is entitled by virtue of the provisions of the Act, Chapter XXXV. of the Session Laws of 1884, as assignee of said defendant Dickson, and asks for a decree declaring that the defendant Paty, as such assignee, is entitled to receive said moneys for distribution among the creditors of said Dickson.

The case was heard by me on the bill and answer.

*Mr. Brown*, on behalf of the defendant Dickson, contended: That by the will of Catharine Bates the residue of her estate was bequeathed to Sarah Dickson, without the intervention of a trustee, and that no present interest or income was devised to any of the children of Sarah Dickson. That by the common law, personal property cannot be the subject of estates other than absolute ownership, and the creation of estates therein cannot be accomplished. The Legislature not having passed any Act altering the common law, the devise to Mrs. Dickson was absolute, there being no trustee to hold the intermediate estate between the death of the testatrix and the vesting of the estate absolutely in defendant Dickson, therefore he had no estate contingent or vested in the estate of Mrs. Bates returnable by him in his schedule as an asset. It was not the intention of the testatrix to give Mrs. Dickson an estate for life only, but by the terms of the devise an absolute power to hold and enjoy the same as she thought proper. This would have author-

ized an absolute disposition or sale of the property during her lifetime. There was no liability from Mrs. Dickson to her children or grandchildren. No estate passed or vested in Dickson until the death of his mother; it was a contingent remainder based upon the survival of the mother, but vested to save a lapse in any children of defendant that might be in *esse* at the death of the testatrix, or born during the life of Mrs. Dickson, or, in other words, an estate in expectancy, of which he was to have the possession only if he survived his mother.

Counsel cited Jarman on Wills, Chap. 25; *Smith vs. Pendell,* 19 Conn., 112; *Moody vs. Walker,* 16 Vesey, Jr., 283; *Leak vs. Robinson,* 2 Me., 363; *Lock vs. Lamb,* L. R. 4 Eq., 6, 372; *Olney vs. Hull,* 21·Pick., 311; *Parker vs. Crosby,* 32 Barb., 184; *Daintry vs. Daintry,* 6 T. R., 307; *Rewalts vs. Ulrick,* 23 Penn. St., 388; *Amelia Smith's App., Ib.* 9, 420; *Moffatt vs. Strong,* 10 John., 12.

*Mr. Neumann,* on behalf of the defendant Paty, contended that the authorities cited by counsel for defendant Dickson do not support the proposition that no estate in remainder or by executory devise in personal property can be created by will. The bequest over to the children of Mrs. Dickson is a vested and not a contingent remainder. A remainder is an estate so limited as to be immediately expectant on the natural termination of a particular estate, created by the same instrument which calls its life into the particular estate. A contingent remainder arises where the estate is limited to take effect before or after the termination of the particular estate and not at its termination, and depends upon the happening of an uncertain event. The will of Mrs. Bates allows of no other construction than that the bequest to the defendant Dickson is not a contingent but a vested remainder, which took effect upon the termination of a life estate granted to his mother.

## BY THE COURT.

I have considered the various authorities cited, and also the facts as they appear in the pleadings, and am of opinion that the share of the defendant Dickson, in the residuary estate of

Mrs. Bates, vested in him at her death, subject to be devested only on his death during the life of his mother, having no children, and therefore that the defendant Paty, as assignee in bankruptcy of the defendant Dickson, is entitled to the fund in Court.

The contention made on behalf of the defendant Dickson, that personal estate cannot be the subject of estate (interests) other than absolute ownership, cannot, I think, be supported.

In *Amelia Smith's Appeal*, 23 Penn., 9, the words in the will were : " I will and bequeath all my property, real and personal, to my children  *  *  *  to be equally divided between them. In case of the death of my children without issue, his, her or their portion or portions to be equally divided among the survivors ; " and the Court say : " There is nothing in this devise to take it out of the general rule ; not one word indicates an intention to limit the first takers to a life estate."

In Mrs. Bates's will it seems to be beyond contention that Mrs. Dickson took only a life interest in the residue.

In *The Executors of Moffatt vs. Strong*, 10 Johns., 12, the bequest was to the heirs, and if any should die without issue, to be divided among the survivors ; the Court, per Kent, C. J., held that it was an executory bequest, and approved the doctrine laid down in *Nicholls vs. Skinner* (Prec. in Chan., 528), that personal property may be bequeathed subject to limitation. "The limitation being valid, the general rule is that the devisee has not power to defeat it.  *  *  *  The devisee has only the use and not an absolute interest in the property devised."

In *Hyde vs. Parrat*, 1 Peere Williams, 1, the Court held that a devise of chattels to a wife for life, and afterwards to son, was a good devise over.

In *Tissen vs. Tissen, Ib.*, p. 500, the Court held that under a devise of personal estate to a son, and if he die under age and without issue, to testator's brother, the brother took after the son's death. *Hughes vs. Sayer, Ib.*, p. 588, is to the same effect.

In *Upwell vs. Halsey, Ib.*, 650, it was held that when a testator devised such part of his personal estate as his wife should leave

of her subsistence, should go to his sister, the devise over was good, and the Court said : " It is now established that a personal thing or money may be devised to one for life, remainder over." This case was decided in 1720.

In *Lock vs. Lamb,* L. R. 4 Eq., 374, it was held that a bequest to children, as they shall attain twenty-one, to take effect upon the death of an annuitant, vested the property (personal) in them at their birth, subject to their attaining that age.

In *Smither vs. Willcock,* 9 Ves. Jr., 233, the testator bequeathed personal estate and money arising from sale of real estate to his wife for life, and from and after her death the capital to be divided between the testator's brothers and sisters (named), in equal shares, but in case of the death of any of them in the lifetime of the wife, the share of him or her so dying to be divided between their, his or her children. One of the testator's brothers died in the lifetime of the testator's widow without having had a child. The Master of the Rolls (Sir William Grant) declared the share of the deceased brother to be vested, subject to be devested only in the event of his death in the lifetime of the testator's widow, leaving children, and consequently, that event not having happened, his representative was entitled.

In *Smith vs. Ostrand,* 64 N. Y., 278, it was held that a "remainder may be limited upon a bequest of money as well as of other personal property, and the testator may confide the money to a legatee for life, trusting that such legatee will preserve the fund for the benefit of the remainder man, in which case the legatee for life becomes trustee of the principal during the continuance of the life estate." See also *Maughan's Will,* 3 Hawn., 233 ; *Harrison vs. Foreman,* 5 Vesey Jr., 207 ; *Barker vs. Crosby,* 32 Barb., 184.

Section 14 of the Bankruptcy Act enacts that " The bankrupt shall be divested of all his title and interest in his property from the day of his failure," and I therefore hold that the defendant Dickson was by operation of law divested of his interest under the will of Mrs. Bates upon the filing of his petition, and that such interest became vested in his assignee, Paty.

The decree will allow the plaintiff his costs out of the fund in Court and will contain a declaration according to this decision.

I have not thought it necessary to decide whether property acquired by a bankrupt, after adjudication and before his discharge, would belong to his assignee, as the point does not arise in this case.