### J. F. MABRY v. MISSOURI F. BROWN.

(Filed 7 May, 1913.)

1. **Wills—Interpretation—Powers of Disposition—Limitations.**
    Where a testator has bequeathed and devised all of his property, personal and real, to his wife, "with the power of disposing of the same as she may deem best," with the direction that all of the undisposed of real and personal property at her death be equally divided among the testator's children, the conveyance of any part of the land carries an absolute fee-simple title thereto to her grantee in the exercise of her power of disposition under the terms of the will. As to whether the widow acquired a fee-simple absolute title to the lands under the will, it is not necessary to decide, for the exercise of the power cuts off all limitations, if any, so far as the title of her grantee is concerned.

**2. Same—Executors and Administrators—Debts.**

> Where an absolute and valid power of disposition is given in a will to a devisee, who is also named as one of several executors, and there is a subsequent clause authorizing and empowering the executors to sell or otherwise dispose of any part of the estate to effectuate the testator's intent and to make a good and sufficient conveyance of the same, it is held that the latter clause referred to the payment of the testator's debts, etc., which he had required to be paid, and not to a deed to lands made by the devisee and executor under the absolute power of disposition; and that her deed conveyed an absolute fee-simple title to the grantee, subject to the testator's debts, etc., without the necessity of the other executors joining therein.

APPEAL by plaintiff from *Webb, J.,* 12 February, 1913; from CABARRUS.

This is a controversy without action, submitted by the parties upon an agreed state of facts, as follows: R. A. Brown died in the year 1907, leaving a will, with these provisions:

"1. My executors, hereinafter named, shall give my body a decent burial, suitable to the wishes of my friends and relatives, and pay all funeral expenses, together with all my just debts, out of the first moneys which may come into their hands belonging to my estate.

"2. I give, devise, and bequeath to my beloved wife, Missouri, all of my property of every description and kind, both real and personal, with the power of disposing of same as she may deem best.

"3. I hereby direct that all of my property, both real and personal, undisposed of by my beloved wife at her death, be divided equally among my children, share and share alike.

"4. I hereby authorize and empower my executors, hereinafter named, to sell or otherwise dispose of any part of my estate to carry out the intents and purposes of this my last will and testament, and make a good and sufficient conveyance for same.

"5. I hereby constitute and appoint my beloved wife, Missouri, and my two sons, Lewis A. and J. Leonard Brown, my lawful executors, to all intents and purposes to execute this my last will and testament, according to the true intent and mean-

ing of the same, and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made."

Defendant sold a part of the land, so devised to her, to the plaintiff, and tendered a deed duly executed by herself individually and in her capacity as executrix, and by Lewis A. and J. Leonard Brown as executors of the will. The plaintiff declined to accept this deed, alleging that it was imperfect and insufficient to convey a good title, as the deed was not signed or executed by the children of R. A. Brown as individuals, who, it is asserted by the plaintiff, took in remainder under the will, and therefore their joinder in the deed, as parties thereto, is necessary to pass the title. The court held, that this was not the case, but that Missouri F. Brown took such an estate under the will that she could, by her own deed, convey a good and indefeasible title in the lot which she had sold to the plaintiff. Judgment was entered accordingly, and plaintiff appealed. .

*M. H. Caldwell for plaintiff.*
*Morrison & Caldwell for defendant.*

WALKER, J., after stating the case: It is provided by statute that when there is a devise of real estate to any person, the same shall be construed to be in fee simple, unless the devise shall in plain and express words show, or it shall plainly appear by the will or some part thereof, that the testator intended to pass an estate of less dignity. Revisal, sec. 3138; *Whitfield v. Garris,* 134 N. C., 27. It was argued by her counsel, from this provision, that defendant acquired a fee simple absolute by the terms of the will, and that the limitation over to the testator's children, being repugnant to the estate so devised, is void. This Court has stated that the purpose of that statutory provision is to establish a rule as between the heir and the devisee, in respect to the beneficial interest of the latter. *Alexander v. Cunningham,* 27 N. C., 430. But we can decide the case without giving any opinion upon this important question, for whether a fee simple absolute passed to the defendant or not, it is undoubtedly true that plaintiff acquired a good title by the exercise of the express and unlimited power

MABRY v. BROWN.

of disposition and control. It seems to us that the very question now presented to us for decision was before the Court in *Roberts v. Lewis,* 153 U. S., 367 (38 L. Ed., p. 474). In that case the devise was to the testator's wife of all his estate, real and personal, with power to dispose of the same as to her shall seem most meet and proper, so long as she remained his widow, but upon the express condition that if she married again, all of the estate devised and bequeathed to her, or whatever remained, should go to his surviving children. The Court held, following and approving a decision of the State Court in a similar case (*Little v. Giles,* 25 Neb., 321), "that the intention of the testator was to empower his widow to convey all of his real and personal estate, if she saw fit to do so, and, as she had exercised this right and power before. her remarriage, the grantee under her deeds acquired all the title of the testator to such lands." The Court further said: "It is unnecessary to express a positive opinion upon the question whether, under this will, the widow took an estate in fee, for if she took a less estate with power to convey in fee, the result of the case, and the answers to the questions certified, must be the same as if she took an estate in fee herself." The two cases are sufficiently alike in their facts for the application of the same principle to both. If the widow in this case did not acquire a fee simple absolute by the devise, she at least got a fee simple, which was defeasible only by her failure to exercise the power, and having exercised the power by selling and conveying to the plaintiff, the limitation over was thereby defeated and of no effect, as to the lot conveyed. The subject is fully discussed, and with great clearness, in 30 Am., and Eng. Enc. of Law (2 Ed.), pp. 736 to 739, and in the notes a vast array of cases will be found. It is there said that where the quantity of the estate is devised definitely and specifically, the rule that a devise coupled with an unlimited power of disposition and control carried an absolute interest in the property has no application, and only a life estate coupled with a power of disposal passes. This power, it has been adjudged, is only coextensive with the estate which the devisee takes under the will. It is clear, however, that by appropriate expressions of intent, the power will not

refer merely to the life interest of the first taker, but will give him a life estate coupled with a power to dispose of the entire estate absolutely.

In *Troy v. Troy,* 60 N. C. (Ann. Ed.), marg. p. 624, where it appeared that property was devised to testator's wife for life, with remainder to his son, coupled with an express power to sell all or any part of the property in the exercise of her judgment, the terms of the will showing a clear intention on the part of the testator to confer upon the wife a general power of disposition, this Court held that it was a power *appurtenant* to the life estate, and the estate created by its exercise took effect out of the life estate as well as out of the remainder, which was legally equivalent to saying that the exercise of the power by the widow defeated the remainder and passed the absolute fee to the purchaser from her. If such is the law with regard to an estate for life, the same result must follow where there is no restriction as to quantity of the wife's estate, but she takes an estate of indefinite duration, whether it be the beneficial interest absolutely in fee or not, which we do not decide.

The case of *Troy v. Troy* was cited with approval in *Parks v. Robinson,* 138 N. C., 269, and *Herring v. Williams,* 158 N. C., 1. In the latter case, this Court, by *Justice Brown,* said that where "there is a devise for life, with language which expressly gives the devisee a general power to dispose of both real and personal property, or where the devise is not limited to a life estate, but the property is devised absolutely, with a provision that what remains at the death of the devisees shall go to certain designated persons," the exercise of the power, express or implied, will defeat the remainder and vest the fee in the appointee under the power or purchaser, citing *Troy v. Troy, supra.* The cases of *Wright v. Westbrook,* 121 N. C., 155; *Stroud v. Morrow,* 52 N. C., 463; *Little v. Bennett,* 58 N. C., 156; *Gifford v. Choate,* 100 Mass., 343, and *Barford v. Street,* 16 Vesey, 134, are strong authorities for the position that the exercise by Mrs. Brown of the power conferred upon her by the will defeats the limitation over to the children and passes the fee to the purchaser.

In the first case cited the suit was for the specific performance of a contract to convey, and involved the ability of W. A. Wright and his wife, the vendors, to convey a good title to Westbrook, the vendee—the same question we have here. But our case is stronger than those in favor of the defendant, for in some, if not all, of those cases a life estate only was devised to the donee of the power. The question in this case is fully considered in the recent case of *Chewning v. Mason,* 158 N. C., 578. See, also, *Patrick v. Morehead,* 85 N. C., 62. The devise in *Barford v. Street, supra,* was in trust for a married woman during her life, and after her decease to convey (and so forth) according to her appointment, with a limitation over, in case of her death in the lifetime of the testator, or in default of appointment by her. With reference to these facts the Master of the Rolls (Sir William Grant) said: "What do you contend to be the nature and extent of her interest? An estate for life, with an unqualified power of appointing the inheritance, comprehends everything. What induced me at first to doubt was the indication of an intention, in the codicil, that the estate should remain in the trustee for the life of the plaintiff, with powers to her, inconsistent in a great degree with the supposition of her having, or being able to acquire, the absolute interest. But I do not think I can by inference from thence control the clear and express words by which the power is given to the devisee to dispose of this estate in her lifetime by any deed or deeds, writing or writings, or by her last will and testament. How can the court say that it is only by will that she can appoint? By her interest she can convey her life estate. By this unlimited power she can appoint the inheritance. The whole equitable fee is thus subject to her present disposition. The consequence is that the trustee must convey the legal fee according to the prayer of the bill." It will be observed that the case goes beyond what is necessary for us to decide, but it clearly and conclusively determines the question now raised in favor of the sufficiency of defendant's deed to pass the fee absolutely. The case of *Smith v. Bell,* 6 Peters (U. S.), 68, has no bearing upon the point, and, besides, it has been criticised and doubted in more recent cases. *Gifford v. Choate, supra; Parks v. Robinson, supra.*

But looking at this will with the view of ascertaining the intention of the testator therefrom, it appears to us very clearly that his wife was the chief object of his bounty. He evidently reposed the greatest trust and confidence in her, and believed that she would carry out his wishes with respect to their children and would be influenced by the same motives as he would have been, if living. He therefore gave her unlimited power and control of his estate, subject to the payment of his debts and funeral expenses. We cannot conceive of any more appropriate words to express the idea of an unrestricted power of disposition than those he used in his will. It was certainly intended that she should have a beneficial interest, and with reference to a power of appointment, where such an interest is given, *Chief Justice Pearson* said, in *Troy v. Troy, supra:* "A power of this description is construed more favorably than a naked power given to a stranger, or a power *appendant,* because, as its exercise will be in derogation of the estate of the person to whom it is given, it is less apt to be resorted to injudiciously than one given to a stranger or one which does not affect the estate of the person to whom it is given."

Upon a consideration of the whole will, we conclude that Mrs. Brown, if she did not acquire an absolute estate in fee, was given a power to appoint absolutely in fee, and the exercise of the power will vest in the purchaser such an estate. *Troy v. Troy, supra; Alexander v. Cunningham, supra.* What will be the result if Mrs. Brown dies without having fully exercised the power as to all of the property, we need not say, as that question is not before us. Nor can we undertake to decide matters relating to the title of other persons who have bought from her, as they are not parties to this suit and will not be bound by our decision.

Before taking leave of the case, we may remark, with propriety, that it is not necessary for the executors to join in the deed. The will does not provide that they shall unite with Mrs. Brown in making any sale of the land or in exercising the power. The fourth clause evidently refers to the first, as it is the duty of the executors to pay the debts and funeral expenses and, if necessary, to sell the property or so much

thereof as may be required for that purpose. *McDowell v. Brown,* 68 N. C., 65. We have said that Mrs. Brown's power of disposition under the will is subject to the payment of the debts of the testator, so that the purchasers from her will, of course, take subject to the encumbrance. If they would have a clear title, they must be sure that the debts and other liabilities are paid, for a man is required to be just before he is generous, and his gifts, by will or otherwise, are made subject to the payment of his debts, and in this case he has expressly directed that they must first be paid.

Affirmed.