Gaston, J.
 

 At the last term of this court we had occasion to consider (see 2d Ired. Eq. Rep. 29) an appeal, which had been taken from an interlocutory decree of the Court of Equity'for the county of Cherokee, dissolving the injunction which the plaintiff had obtained upon the filing of his bill. A certificate was transmitted to the court below, declaring the judgment of this court that there was no error in the decree; and thereupon the plaintiff filed another bill in the court below, called a supplemental bill, wherein he charged, that,soon after the interlocutory decree was made, the Superi-
 
 *196
 
 0r Court of Macon, wherein the judgments had been rendered, did, on the application of the plaintiff, order the executions issued on the said judgments to be set aside, that the said judgments had become dormant, and that executions could not lawfully issue thereon until the judgments should be revived by
 
 scire jadas.
 
 And it was further charged that the defendants threatened, nevertheless, to pray for a judgment on the injunction bond, executed by the plaintiff and his sureties, when the original bill was filed: and it was prayed that they should be enjoined from moving for said judgment, or in any other way enforcing the said bond. The court refused to grant the injunction thus asked, and from this refusal the plaintiff was permitted to appeal to this .court. The defendants thereupon prayed a judgment against the plaintiff and his sureties on the injunction bond, when an affidavit was offered of one of the sureties, averring that the said bond had b.een materially altered, since its execution, by one of the counsel of the defendants; that the subscribing witness to the instrument was a resident of the State of South Carolina: and that, if an opportunity should be afforded of taking his deposition, the affiant would be able to prove this alleged alteration. Upon this affidavit his Hon- or declined giving the judgment, as prayed, and ordered the motion therefor to be laid over until the next Term of the said court. From this interlocutory order the defendants prayed and obtained an appeal to this court.
 

 We do not see how a doubt can be entertained of the correctness of both the interlocutory orders complained of.
 

 The supplementary bill, as it is called, is a perfect novelty. An injunction is a prohibitary writ specially prayed for, because of matter of equity, requiring this extraordinary interposition of a court of conscience, to restrain a party from doing some act in
 
 pais,
 
 or from pursuing some proceeding in another coprt that is iniquitous, but from which he cannot otherwise be effectually restrained. An application to a court to restrain one of its suitors from moving the court for any relief, to which he believes himself entitled, can scarcely be considered as seriously made. If the contemplated motion be one, which, under-the circumstan
 
 *197
 
 ces of the case, is not proper to be granted, these circum stances should be disclosed, or brought to the notice of the court, upon the motion itself. The ground of enjoining proceedings in other courts is, because those courts, from nature of their organization, cannot take effectual cognizance of the special matter, which renders the proceedings therein iniquitous. But the court, which is asked to enjoin proceedings because of equitable matter alleged, is unquestionably competent, when it shall be asked to sanction those proceedings, to determine whether they be iniquitous or not — whether it shall give or withhold that sanction. Besides, there is not the slightest ground of equity in the supplemental bill. When the extraordinary remedy of injunction is asked for, the court is bound to take care, that this restraint on the legal right of a citizen shall not be granted, without effectual security being taken that he shall not be injured thereby. Upon an injunction to restrain the collection of money, recovered by a judgment at law, the ordinary practice in England is, to require, as a condition precedent, that the money be deposited in court. No doubt there are cases, in which this practice ought to be observed with us. But in no case can an injunction issue to restrain an execution for a debt recovered at law, (unless when the money is so deposited,) without requiring of the complainant bond and sureties for the payment of the money into court upon the dissolution of the injunction. Rev. Slat. ch. 32, sec. 11. Such a bond has been given in this case — the injunction was dissolved — and the plaintiff, charges it to be iniquitous to hold him to the performance of this obligation, because those, for whose security it had been-required,
 
 cannot
 
 get a speedy remedy for their debt, by execution in the court of law! This bond was intended as a cumulative remedy for the ben-fit of the judgment creditor, and the very circumstance, which shews a special necessity for its exercise, is set up as a reason why he should not be permitted to resort to it.
 

 Equally unfounded is the complaint of the defendants with respect to the interlocutory order, from which they have appealed. It is no more than the holding over of the motion of the defendants for further advisement, and, under no
 
 *198
 
 circumstancesthat we are aware of, can such a proceeding the subject of an appeal. The defendants, as it appears from the case made by his honor, insisted that the act of the Legislature prescribes that injunction bonds, upon the dissolution of an injunction, shall be proceeded on,“in the same manner, and under the same rules, regulations and restrictions” as bonds on appeals from the County to the Superior Court, (Rev. Stat. c. 32, s. 13.) and, in regard to
 
 these,
 
 that “judgment may be
 
 instanter
 
 entered up against the appellant and his sureties,” where the appellant fails in his appeal. But the direction to render the judgment
 
 instanter
 
 certainly does not prohibit the consideration of any matter of defence against the prayer for judgment, and when the court has reason to believe that such matter does exist, it cannot be doubted but that the court may afford time to make it appear satisfactorily. The case does not call on us for an opinion in what manner the defence here alleged ought to be shewn. It must be established to the satisfaction of the court, and this, we should presume, may be done by affidavits, or the court may, in its discretion, direct an issue to be tried by a jury to pass upon its truth, or order an action of debt to be brought at law upon the bond. If it be ascertained that the bond has been altered in a material part by an agent of the defendants, since its execution and without the assent of the obligors, it will be the duty of the court to order-it to be vacated.
 

 It should be certified to the court below that -there is no error in either of the interlocutory orders appealed from, and there ought to be judgment here for costs against the appellants respectively in their several appeals.
 

 Per Curiam, Ordered accordingly.