GastoN, J.
 

 The bill is filed mainly to have a settlement of the accounts of the defendant, Absalom B. Smith, as the guar-iand of the plaintiff Mary, and as executor of her deceased father, and the other children of the testator are also made parties defendants as having an interest in the taking of the accounts of the executor. Another object of the bill is to have a sale of certain lands, which the children of the testator own as-tenants in common. The defendant Absalom B.. Smith has* putin his answer and subjoined thereto his accounts, and the parties pray for the direction of the court upon certain matters thereby presented, and it is understood that, with these directions, they will be enabled to settle the controversy between them.
 

 The first question, upon which the- parties differ, is, whether the .profits of the plantations, negroes and other property given by the testator to his children in common, all of which property is directed to be ktept together for their joint benefit until the eldest arrive at the age of twenty-two years,
 
 *376
 
 and which profits áre appropriated in the meantime, or so much thereof as may be necessary, to the education and maintenance of the children, constitute a fund in which each has an equal, undivided share, or a fund
 
 strictly joint,
 
 applicable to a specific purpose, without view to separate interests of the children therein. We have attentively considered the 12th section of the will, upon the construction of which this question depends, and examined in connection with it all the other parts of the will; and inasmuch as the testator has given several vested estates to his children in the property out of which the profits are to arise — as the profits
 
 go
 
 with the capital, as an accessary follows its principal, unless the the contrary be directed — and as, upon the arrival of any child to the age of twenty-two, the testator directs “that his share of the property, together with the increase and profits” shall be delivered to him — we are of opinion that the purpose of the testator, 'in postponing the division of the property and making an appropriation of the profits until the division, was not to change the interests of the children in the profits, but to render the property more productive for the benefit of all and provide more conveniently for the application of the profits to the wants of each. Upon this point, therefore, the direction of the court is, that the children are entitled to equal shares in this fund.
 

 In the 19th clause of the will the testator thus expresses himself: “ It is my will that my children shall be sent (o such school as will enable them to acquire the best education and fit them to move in an elevated sphere, affording to each the same opportunities as near as may be.” In the accounts submitted with the defendant’s answer, the charges for the maintenance and education of the plaintiff Mary not only exceed her share of the fund appropriated to the maintenance and education of the testator’s children, but the entire income of the property left her by her father, and make her a debtor to the defendant. It is objected that these charges cannot be allowed, first, for that the testator has restricted the expenditures for her support within the limits of the fund provided for that purpose ; secondly, that the de
 
 *377
 
 fendant, as her guardian, cannot break in upon the principal oí her estate, unless it be in a case of urgent necessity; and thirdly, for that the charges are, on the face of them, extravagant. The first of these objections is, in our judgment, clearly untenable. The testator has, indeed, provided a fund, which he thought would be fully sufficient fot the purposes of her education and support,'but he has not directly nor indirectly declared his will, that these purposes shall be-answered out of that fund exclusively.; and, if it has proved inadequate, the defendant as guardian, and independently of the explicit injunction above recited, had a right to- apply the whole of his ward’s income to her maintenance. Nor, under the circumstances of this case, do we admit the second objection to be well founded. Her father, from whose bounty all her property is derived, has ordered,- by declaring it to be
 
 his
 
 will, that she shall receive the best education that could
 
 be
 
 given her, so as to fit her to move in an elevated sphere, and he has not qualified this command by any limitation, that the cost shall not exceed her income. He could do with his own as he pleased, and, having willed that this object shall be effected, he has willed that all the means, which he has put into the hands of him, in whom he confided to effect it, shall, if necessary, be devoted to that purpose. As to the objection that the expenditures are extravagant, we cannot pass upon it, upon inspection of the accounts ; but we feel ourselves authorized to declare, that, if they have been made by the defendant in the honest exercise of his judgment, for the purpose of fulfilling the will of the testator, they ought to be allowed him.
 

 The testator authorized and directed his executor to sell the plantation on Roanoke, which he bought of Eaton Haynes and Nathaniel Harris, provided the sum of $4000 could be obtained therefor, and to divide -the proceeds between his wife and four children equally, but, if it could not be sold for that price, he directed it to. be rented for some years and the rent divided equally between his wife and four children, and, ultimately, if it could not be sold for that price, he gave the same in fee to his said wife and children.
 
 *378
 
 Efforts had been made in vain to get the limited price for if. and it was ascertained that it- could not be obtained. The widow of the testator having married again, a petition was filed in the County Court of Halifax, whereunto the said widow and her second husband, the children and the executor were all made parties, and in that suit one-fifth of this land was set apart unto the said widow by metes and bounds, and all her claims upon the testator’s estate were definitively settled. It is prayed by this bill that the remainder of this land be sold. On this prayer a decree has already beeu made. The bill further prays, that the defendant A. B. Smith may be decreed to pay over to the plaintiffs the plaintiff Mary’s share of the rents of this land. There is a direction in the will that all the property of the testator, not otherwise disposed' of, be sold, and the proceeds, together with his cash and the debts due him, be equally divided between his wife and' children, and the bill prays that her share of this residuum be paid'over to them. The court will not now make tire decrees prayed for, in regard to this rent and residuum. Upon the accounts, as exhibited, the defendant Absalom is in advance to the plaintiff Mary, and he hag a right to be re-imbursed these advances out of any of her funds in'his hand's.
 

 The decision, which has been made, that the children are
 
 severally
 
 entitled to the fund set apart for their education and support, renders the controversy, which has been raised, whether the provision for maintenance apply to the plaintiff Mary since her marriage, unimportant, except in one respect. If she should die under'twenty-two, without leaving any child surviving her, there is a limitation over of her share in the profits, (not so applied',)’ as well as in the lands and negroes themselves, to her brothers and sister. We are not informed of her age. And, as the defendant, in our judgment, is entitled to withhold whatever may be due to her on this account, until his supposed advances shall be satisfied, we deem it unnecessary for. the present to express an opinion upon it. The questiom may be again brought before us, if it becomes practically important.
 

 Ter CuriaM, Decree accordingly.