Pearson, C. J.
 

 By the will of Margaret Dozier, the land in controversy, is given t-o Edmund D. Sawyer for life, remainder to his children in fee, and, in the event of his death, without a child him surviving, then over; and a power is given to Haywood S. Bell to sell the land, if in his opinion, a sale would promote the interest of said Sawyer.
 

 The power is
 
 naked;
 
 not coupled with any estate in Bell, and as he has .not exercised it, we are at a loss to conceive of any ground to .support the idea, that the fact of conferring this power on him, to be exercised in his discretion, for the benefit of the tenant for life, has the legal effect of enlarging the estate-of the latter, so as to give him or Shannon, who, for a time acted as his guardian, a right, to convey the land in fee simple. Nor, are we able to see how the fact that Bell is appointed by the will of Mrs. Dozier the guardian of her grandson, the said Edmund D. Sawyer, has any bearing on the •question.
 

 Whether the testatrix attempted to appoint Bell, guardian for her grandson, because he was under age, (how the fact was, is not stated in the case agreed) or, because she considered him to be of weak mind, is immaterial, for under no view of the subject could that give, either the grandson or his
 
 quondam
 
 guardian, Shannon, any right to convey more than
 
 *10
 
 a life-estate. So, the estate of the defendant determined upon the death of Sawyer, and the title was in the lessors of the plaintiff, who are his children, and took the remainder under the will.
 

 Per Curiam,
 

 Judgment affirmed.