Manly, J.
 

 The question presented for decision upon the case agreed, is, as we think, free from difficulty. The wife’s estate for widowhood, iá coupled with a power of disposition by sale, will, or otherwise, absolute and unconditional. There seems to be no restriction upon it, except that discretion in which her deceased husband so entirely confided, and we are accordingly of opinion that her covenant of a right to convey as set forth in the case is true, and, consequently, the action cannot be maintained.
 

 Our opinion is based upon the strong and explicit language employed by the testator in his will. All property is given therein to the wife during life or widowhood,
 
 with full power to dispose of the same by
 
 sale,
 
 will, or otherwise at her discre
 
 tion, for her and their common children’s use and benefit, &c.
 

 The power to convey by will is clear to the point that the estate to the wife was not simply during widowhood, with
 
 *465
 
 power to apply the
 
 income,
 
 but intended to. leave it to her discretion, if circumstances required" it,, to sell in. her life-time or to dispose of i't by will at her death.. The power of sale is scarcely less.significant. It would-be an extraordinary use of that term to mean by it, a power to mortgage or pledge for a limited time,, only to raise moneys or pay debts.
 

 The power to sell, absolutely, is clear; which disposes of the case before us, and we forbear to discuss the rights of persons under the will which may arise- upon other possible contingencies. By reference to the case of
 
 Little
 
 v.
 
 Bennett,
 
 5 Jones’ Eq. 156, it will be seen that an estate given for similar purposes to- the present, and with a power of sale for the more complete-fulfillment of these purposes, was held to be a trust estate with an absolute power of disposition, and that the estate in reversion was subject to be divested by and to the extent of the exercise of the power. The case before us,, we take it, is governed by the principles of that case..
 

 Per Curiam,
 

 Judgment affirmed.