### W. A. WRIGHT et al. v. G. W. WESTBROOK.

*Deed, Construction of—Life Estate—Limitation Over—Power of Disposal by Life Tenant.*

Where land was conveyed to A for life, with limitations over in the event of the happening of certain contingencies, but with full power in A to dispose of the same with the written permission of her husband; *Held*, that A and her husband can convey a good title in fee to a purchaser.

Controversy submitted without action and heard before *McIver, J.*, at April Term, 1897, of NEW HANOVER Superior Court. The facts appear in the opinion. His Honor held that the plaintiffs could convey a good title, to the land for the purchase of which the note sued on was given and gave judgment accordingly from which defendant appealed.

*Mr. T. W. Strange*, for plaintiffs.
*Mr. J. D. Bellamy*, for defendant (appellant).

FAIRCLOTH, C. J.: This is a controversy without action submitted under *The Code*, Sec. 567. The plaintiff, W. A. Wright, owned the land in fee simple and executed a deed to his intended wife who afterwards intermarried with him.

Both are still alive and have contracted to sell said land to the defendant, and the question is, can they make the defendant an indefeasible title? The deed, regular in all respects, conveys the land to the said "Louisa G. Holmes (now the *feme* plaintiff and wife of said Wright) for the term of her natural life, *with full power of disposing of the same,* his permission in writing being first obtained, and remainder to the children of the said Louisa G. Holmes begotten by the said William Augustus Wright, all right, title, interest or estate, &c. But if the said Louisa G. Holmes should die in the life time of the said William Augustus Wright leaving issue by him living at her death, then the estate herein conveyed is to revert back and vest in the said William Augustus Wright and the heirs of his body begotten. But in default of such issue living at his death, then, after the decease of the said Louisa G. Holmes, the estate herein conveyed shall go to and vest in the heirs of the said William Augustus Wright."

We need not discuss the rights of parties in the event that the wife had died without exercising the power given her in the deed, either with or without children, or upon the death of the husband leaving his said wife surviving. These contingencies are not before us.

The provision in the deed "with full power of disposing of the same, his permission in writing being first obtained" is absolute and clear, with such permission of her husband. The contingencies that might arise in the event of death, as above stated, have not yet arisen and are subject to and dependent upon the wife's exercise of the power of disposition conferred by the deed from her husband.

Our opinion is that a proper deed by the wife and husband would convey a good title to the purchaser. *Stroud* v. *Morrow*, 52 N. C., 463. Judgment affirmed.

Affirmed.