## MARY M. MAKELY v. WASHINGTON-BEAUFORT LAND COMPANY.

(Filed 22 February, 1918.)

**Wills—Devise—Powers of Sale—Purchaser—Application of Funds — Trusts and Trustees.**

A devise of land to the wife, to have "complete control" for her life, to sell to pay debts of testator, who was her husband, and for division among their children, with power to give any share to testator's grandchildren, subject to the support of their parents for life, "and to sell and make deed for said property as if it were her own, and without being required to give bond," and expressing anxiety as to two of the testator's children, with "hope that they will come around all right": *Held,* the will conferred the power upon the wife to sell the land in her discretion and make a valid deed, not requiring the purchaser to see to the application of the purchase money.

CIVIL ACTION, tried before *Bond, J.,* at January Term, 1918, of CHOWAN, upon case agreed.

Plaintiff Mary M. Makely, on 9 January, 1918, sold to the defendant above named a tract of land, known as the "Donnell Farm," with certain exceptions, for a valuable consideration, which defendant agreed to pay, and a deed sufficient in form to pass the title, and duly executed, was tendered by her to the defendant, which the latter refused to accept upon the ground that the title is defective, as under the will of her husband, Metrah Makely, the source of her title, she has no power to sell the land, and the controversy between the parties calls for a construction of the will, the relevant parts of which are as follows:

"I give, bequeath, and devise all my property of every kind to my beloved wife, Mary, to have complete control of during her life, to sell to pay any just debts of mine, or to sell to divide among her children, George, Metrah, Luella, Alice, and Agnes, to be divided equally between them. In the event my wife should be of the opinion that it would be to the interest of the grandchildren to give any share to the said grandchild and not to the said heirs or child, said heir or child is to have his or her support from said property as long as he or she lives, but no right to sell or in any way to dispose of the said property and leave their child destitute. I am afraid of our two sons, George and Metrah, but hope that they will come around all right. My wife is to take said property, what she needs for her support, and to sell and make a deed for the said property as if it were her own, and without being required to give a bond. I prefer that the most of the land be sold, where it can be sold at a fair price, the piece of the Donald farm, the Blount tract, if it can be retained for George or his children without injuring the sale of the balance, I prefer it to be retained and charge what it is worth to that share."

No part of the Blount tract mentioned in the will is involved.

Judge Bond held that plaintiff has the power, under the terms of the will, to sell the land, and that her deed would therefore convey a good title. Judgment was rendered accordingly, and defendant appealed.

*S. Brown Shepherd and Pruden & Pruden for plaintiff.*
*No counsel for defendant.*

WALKER, J., after stating the case: There is no question raised as to the proper distribution of the fund derived from a sale of the land, the only question being whether plaintiff has the power under the will to sell. The power is given twice; in the first part of the will, it is directed that she may sell for the purpose of paying debts or for a division among the children, and in a later clause a less restricted power is bestowed, namely, "she is to take said property, what she needs for her support, and to sell and make a deed for the same as if it were her own, and

without being required to give a bond," and then a preference is expressed, "that the most of the land be sold, where it can be sold at a fair price, the Blount tract to be retained for George or his children, if this can be done without impairing the sale of the other tract, the value of the Blount tract to be charged to that share."

As we have stated, the Blount tract is not embraced by the description in the deed tendered by the plaintiff, and has not been sold, so far as appears. It would seem that the language of the will is quite broad and comprehensive and confers a power very extensive in its scope. The testator evidently was very solicitous about the interests and welfare of his children, and was somewhat doubtful, as well as anxious, about the career of at least two of them. In his lifetime he could watch over them and act for the promotion of their best interests, but he wished to devolve this duty in respect to them upon his wife, in whom he had great confidence, after his death, so that she might take his place and exercise her judgment and supervising care in their behalf, having the same interest as he in their welfare. He therefore gave her large discretion, so that she could exercise a proper and adequate restraining influence and do what was best for them according to the existing circumstances, a not infrequent provision to be found in wills. She had the power in the distribution of his estate to prefer a grandchild to a child, in order to disinherit any one who might prove to be unworthy of his bounty or to do what seemed best to her as between the children and grandchildren. She was specially authorized to sell that she might pay his debts or divide the estate among the children. This provision would confer the power to sell without reference to the other parts of the will where a power is also conferred. The purpose in making the sale is not stated, nor was it material that it should be, as we are not concerned with that matter in the present phase of the case, as we do not understand it to be required that the purchaser should look to the application of the proceeds of the sale.

Cases bearing more or less upon the question in this case have been decided by this Court. The language of *Judge Manly* in *Stroud v. Morrow,* 52 N. C., 463, lends support to our construction of Mr. Metrah Makely's will. The learned judge there said: "The question presented for decision upon the case agreed is, as we think, free from difficulty. The wife's estate for widowhood is coupled with a power of disposition by sale, will, or otherwise, absolute and unconditional. There seems to be no restriction upon it except that discretion in which her deceased husband so entirely confided, and we are accordingly of opinion that her covenant of a right to convey as set forth in the case is true, and consequently the action cannot be maintained. Our opinion is based upon the strong and explicit language employed by the testator in his will. All property is given therein to the wife during life or widow-

hood, *with full power to dispose of the same by sale, will, or otherwise,
at her discretion,* for her and their common children's use and benefit,
etc. The power to convey by will is clear to the point that the estate
to the wife was not simply during widowhood, with power to apply the
*income,* but intended to leave it to her discretion, if circumstances
required it, to sell in her lifetime or to dispose of it by will at her
death. The power of sale is scarcely less significant. It would be an
extraordinarily use of that term to mean by it a power to mortgage or
pledge for a limited time only to raise moneys or pay debts. The power
to sell, absolutely, is clear; which disposes of the case before us, and
we forbear to discuss the rights of persons under the will which may
arise upon other possible contingencies." He also alludes to the fact
that in *Little v. Bennett,* 58 N. C., 157, an estate devised for purposes
similar to those declared in the *Stroud case,* and with a power of sale
for the more complete fulfillment of the testator's intent, was held to
create a trust with respect to it, with an absolute power of disposition,
and that the estate in reversion was subject to be divested by and to
the extent that the power was exercised.

The case of *Troy v. Troy,* 60 N. C., 624, is like our case in one or
two respects. Mr. Robert E. Troy devised all of his property to his
wife during her life, with remainder to his son, Alexander Troy, but
provided that his wife should have the power to sell any part or all of
it as she might deem proper in the exercise of her judgment. It was
held that this was a power appurtenant, and the estate created by the
exercise of it took effect out of her life estate as well as out of the
remainder, and that the exercise of this right vested in the purchaser
an estate in fee simple, and he was not bound to see to the application
of the purchase money. See, also, to the same effect, *Parks v. Robinson,*
138 N. C., 269; *Wright v. Westbrook,* 121 N. C., 156; *White v. White,*
21 Vt., 250; *Underwood v. Cave,* 176 Mo., 1. We are of the opinion that
the terms of this will more clearly express the intention to confer a
power of sale upon the wife at her discretion than those contained in
the wills construed in the cases we have cited.

We have given the same construction as herein indicated to this will,
at this term, in *Makely v. Shore,* where the *Chief Justice* says: "The
will not only gives the property to the wife for her life with 'complete
control' to sell and divide the same, but gives her the right to appoint
the property to the grandchildren instead of to the children, subject
only to giving the children a 'support' from the property."

The learned judge decided correctly upon the facts stated in the case,
and this affirms the judgment.

Affirmed.