C. H. GRIFFITH ET AL. v. BOARD OF EDUCATION OF FORSYTH
COUNTY ET AL.

(Filed 26 April, 1922.)

1. Injunction—Equity—Elections.

The courts of equity are slow to enjoin the holding of elections, and while they will not do so unless it is clear they are being illegally held, ordinarily the writ will issue to restrain the holding of an election where there is no authority for calling it and it will result in a waste of public funds.

2. Same—Remedy Unnecessary—Subject-matter.

The appeal from an order dissolving a temporary injunction will be dismissed in the Supreme Court when it appears that an election against which this remedy has been sought, has not been held, and cannot be

under the previous action of defendant board of education in calling it, and it appears there is presently nothing upon which it could operate.

APPEAL by plaintiffs from *Lane, J.,* at July Term, 1921, of FORSYTH.

Civil action to enjoin and restrain the holding of an election in a new and proposed consolidated school district composed of what was originally two contiguous and adjacent districts in Forsyth County, namely, Bethania, a special tax district, and Old Town School District, a non-local tax district. The purpose of the election was to ascertain the will of the voters of the entire territory in regard to levying a special school tax for the said proposed district. The call for the election designated 12 July, 1921, as the date upon which it should be held. A temporary restraining order was issued in this cause, same being afterwards dissolved on 12 July, 1921, but it seems that the election was not held.

From the order dissolving the temporary injunction, the plaintiffs appealed.

*Holton & Holton and Jones & Clement for plaintiffs.*
*Hastings & Whicker and E. F. Cullom for defendants.*

STACY, J. It appears that the purpose for which this action was instituted, to wit, to prevent the holding of the election in question, has been accomplished. At any rate, the election was not held, and there is nothing now to enjoin. *McKinney v. Comrs.* (Fla.), 3 So. Rep., 887. The time for holding the election has long since passed, and it cannot presently be held, under the previous action of the defendants. Nothing further can be done in the way of levying the proposed tax unless another election is called. The appeal, therefore, must be dismissed. *Kilpatrick v. Harvey,* 170 N. C., 668; *Moore v. Monument Co.,* 166 N. C., 212; *Harrison v. Bryan,* 148 N. C., 315.

Courts of equity are slow to enjoin the holding of elections and ordinarily they will not do so unless it is clear that they are being illegally held. *Hood v. Sutton,* 175 N. C., 101. The wisdom for this cautious exercise of such power is obvious. *Connor v. Gray,* 9 Anno. Cases, 121, and note. But it is generally held that an injunction will issue to restrain the holding of an election where there is no authority for calling it, and where the holding of such an election would result in a waste of public funds. *Solomon v. Fleming,* 34 Neb., 40; 9 R. C. L., 1001.

The record is silent as to whether the defendants expect to pursue the instant matter further; but, we apprehend that such is their purpose, or else this appeal would not have been presented for our consideration. We have experienced some difficulty in trying to harmonize the provisions of Public Laws 1921, ch. 179, with all the sections of C. S., art. 18, ch. 95, and at the same time square them with the requirements of the

Constitution; but, from the facts now appearing, we cannot say, in advance, that the defendants are proposing to proceed in an unlawful manner. The contrary will be presumed. *Thrash v. Comrs.*, 150 N. C., 693. It may not be amiss, however, to call attention to some of the recent decisions bearing more or less directly upon the subject now in hand, though it is conceded that these cases are not decisive of the exact question which the parties to this proceeding have sought to raise. *Hicks v. Comrs., ante,* 394; *Paschal v. Johnson, ibid.,* 129; *Perry v. Comrs., ibid.,* 387.

Appeal dismissed.