R. M. WELLS, EXECUTOR OF THE LAST WILL OF LAURA A. WILLIAMS V. J. B. WILLIAMS, JOHN STEPP, JULIAN STEPP, MAY SHAW, KATIE STEPP, CLYDE STEPP, MYRTLE STEPP, ROBERT STEPP AND MELVIN DEAN.

(Filed 22 January, 1924.)

1. **Wills—Interpretation—Intent.**

   A will should be interpreted to conform to the lawful intent of the testator as gathered from it as a whole.

2. **Same—Life Estates—Estates in Remainder—Fee Simple—Executors and Administrators—Trusts—Discretionary Powers.**

   A devise to the husband by his wife of her lands to be used and con-trolled by him and for him to receive the rents and profits during his life, with right to call upon the executor to sell so much of the lands as would be necessary for his maintenance in comfort during his life, and the right of the executor to sell and convey the lands, or so much there-of as may be necessary for the purpose stated, with remainder of the lands not so disposed of limited over to designated beneficiaries, does not from the intent of the testatrix, as gathered from the will, construed as a whole, vest only a life estate in the husband, unaffected by the further provisions of the will, or vest in the remaindermen an absolute

fee-simple title to all of the lands upon the death of the husband; and *Held*, further, it was in the sound discretion of the executor, fairly exercised, to make the conveyance when so called upon to do by the husband, in pursuance of the terms of the will.

APPEAL by defendants from *McElroy, J.*, at July Term, 1923, of BUNCOMBE.

Civil action brought by plaintiff against defendants to construe the will of Laura A. Williams, deceased. R. M. Wells, the plaintiff, is the executor named in the will. The will has been regularly probated in Buncombe County and the plaintiff-executor has duly qualified and entered upon the discharge of his duties as such executor. The land in controversy is about ........ acres, in Buncombe County, N. C., in or near Montreat, and near Black Mountain, N. C., which land is suitable for farming or dividing into lots for sale. Laura A. Williams, at the time of her death, left surviving her husband, J. B. Williams, and no children by the marriage. The other defendants are legatees under the will of Laura A. Williams.

The plaintiff alleges in the complaint:

"That after the death of the testator, and after the qualification of the executor, this plaintiff, as executor of the said will, has never received any personal property with which to pay the expenses of said estate, but is advised that the same were advanced and paid by the said J. B. Williams.

"That in accordance with the terms of said will the executor has permitted the said J. B. Williams to retain the household and kitchen furniture which decedent owned at the time of her death; and that the said J. B. Williams has called upon the plaintiff to sell said property, or a portion of the property and lands, described in said will, and the said J. B. Williams has submitted certificates of doctors and other statements to the effect that the said J. B. Williams is in ill health and is unable to do physical labor or earn his living, and the said J. B. Williams has requested, this plaintiff-executor, to make a deed for certain of the lands bequeathed in said will, and that the proceeds arising therefrom be turned over to the said J. B. Williams, and that the said J. B. Williams has named as the purchase price for said lands which he requests be sold, the sum of $4,400, and requests that an option be given to the end that persons taking the option may sell said lands at public auction, upon deferred payments.

"That your executor has not made any deed or deeds to said lands or any portion thereof, which the said J. B. Williams has requested be sold and deed made therefor.

"That a controversy has arisen between the parties interested in said lands and in the last will and testament of Laura A. Williams, among the legatees set forth in said will. That your executor is advised and believes, that the said J. B. Williams claims that he is entitled to call upon the executor to convey the lands or any portion thereof which he may deem advisable in order that he may be properly taken care of under the terms of said will; that the said J. B. Williams claims that it is the duty of the plaintiff-executor, upon the request of said J. B. Williams, to sell said lands for a fair and reasonable price, if he shall demand that the same be sold, and that it is only necessary for the said J. B. Williams to satisfy the executor that the said sale is necessary to obtain money to be turned over to him by said executor, when he has satisfied said executor that he needs said funds for his comfort and use as in said will provided, without it being necessary to obtain an order from the court, or consult the other legatees in said will named."

The plaintiff further alleges that as executor he is desirous of settling the estate in accordance with the true intent and meaning of the said will and testament of Laura A. Williams, and the plaintiff "prayeth the court for judgment herein directing him as executor, as to his authority in the premises and as to the rights and interest of each of the parties hereto, as to the property formerly belonging to the said Laura A. Williams, and generally in relation to the last will and testament of the said Laura A. Williams, in relation to the matters and interests therein, as well as the contentions of the parties arising out of said last will and testament."

The portions of the will of Laura A. Williams material for the decision of this case, are as follows:

"1. It is my will and desire that all my just debts shall be paid by my executor hereinafter named out of the first money which may come into his hands out of my estate, together with my funeral expenses, which shall be in accordance with the wish and desire of my husband and relatives.

"2. I give and devise to my beloved husband, J. B. Williams, all my personal property of every nature and kind to be used by him in such manner as to him may seem fit and proper.

"3. I give and devise to my beloved husband, J. B. Williams, all my real estate wheresoever situate, to be used and controlled by him and to receive the rents and profits therefrom during his natural life, with the right to my said husband, if it shall become necessary, to call upon my executor hereinafter named, to dispose of any portion of my real estate, and with full power to my said executor to make and execute deed or deeds to purchaser or purchasers, for any portion sold, and said executor to turn over to my said husband the proceeds thereof.

But upon his death should there remain any unsold portion of my real estate, then it is my will and desire that the children of my brother, Lee Stepp, and J. H. Stepp and Melvin Dean, shall share and share alike in said property, if any should remain at the death of my said husband.

"4. It is my desire that my husband shall not want for anything during his lifetime, and it is my desire that he shall use as much of my property as may be necessary to make him comfortable during his natural life."

The court below rendered the following judgment:

"That J. B. Williams is the owner of all the personal property of which the said Laura A. Williams died possessed; that he has a life estate in all of the real estate of which the said Laura A. Williams died seized and possessed; that under the wording of the will it was the intention of Laura A. Williams, deceased, that her husband, the said J. B. Williams, should not want for anything and should be maintained in comfort during the term of his natural life; that in order to carry out said intention, she, the said Laura A. Williams, authorized and empowered her executor, R. M. Wells, under said will, to sell so much of her real estate as might be required to provide for the comfortable maintenance of the said J. B. Williams; that the said J. B. Williams has the right from time to time, under the terms of said will, when and as necessary for said purpose, to call upon the said executor therein named and require him to sell and dispose of any portion of said real estate and to turn over the proceeds of same to the said J. B. Williams; that the determination of the necessity for making such sale for said purpose is lodged under the terms of the will with said executor, who, after investigation, in which he shall take into consideration any property which the said J. B. Williams might have of his own right, and a finding by him that said sale is necessary for said purpose, shall from time to time sell so much of the real estate of which the said Laura A. Williams died seized as may be required in the judgment of said executor to produce sufficient funds for the comfortable maintenance of the said J. B. Williams."

The defendants (other than J. B. Williams) excepted to the judgment and appealed to this Court and assigned errors. The only ones necessary to be considered for the determination of this case are:

"That the court committed error, in failing to provide in said judgment that a proper construction of the said last will and testament of Laura A. Williams, deceased, is that said Laura A. Williams devised to her husband, J. B. Williams, all of her real estate for and during his natural life, with remainder after his death to the children of Lee Stepp and J. H. Stepp and Melvin Dean, share and share alike, and

that said J. B. Williams acquired only a life estate in said real estate under said will, and that the said J. B. Williams only having a life estate in said real estate, the subsequent provision in the will authorizing the executor to sell and convey the land could not have the effect to deprive the remaindermen of their estate in fee simple, and if any sales of real estate were made by the executor, he could only convey a life estate to the purchaser.

"That the court committed error and said judgment is erroneous in that it provides, 'that the determination of the necessity for making such sale for said purpose is lodged under the terms of the will with said executor,' when as a matter of law said judgment should have provided in said respect that the determination of the necessity for making such sale is lodged under the will with the court."

*Eugene Taylor* for plaintiff-executor.
*Bourne, Parker & Jones* for J. B. Williams.
*Stevens & Anderson* for other defendants.

CLARKSON, J. We do not think that any of the exceptions to the judgment by defendants, appellants, can be sustained.

The contention of appellants is that Laura A. Williams only devised to her husband, J. B. Williams, a life estate in the land and the defendants, appellants, have a remainder in fee simple, share and share alike. That the subsequent provision in the will authorizing the executor to sell and convey the lands could not deprive the appellants, the remaindermen, of their estate in fee simple. That the necessity for making the sale under the will is with the court and not the executor.

The language of the will, in regard to this matter, is as follows: "With the right to my said husband, if it shall become necessary, to call upon my executor hereinafter named to dispose of any portion of my real estate, and with full power to my said executor to make or execute deed or deeds to the purchaser or purchasers for any portion sold, and said executor to turn over to my said husband the proceeds thereof." And further the will says: "But, upon his death, should there remain any unsold portion of my real estate, then it is my will and desire that the children of my brother, Lee Stepp, J. H. Stepp and Melvin Dean shall share and share alike in said property if any should remain at the death of my said husband." The further desire of Laura A. Williams, expressed in her will, was that her husband, J. B. Williams, should not want for anything during his life and should use as much of said property as may be necessary to make him comfortable during his life.

It is well settled that in the interpretation of wills the entire will is considered and not a part, to elucidate the intention of the testator.

This intent, as appears from the entire will, is upheld unless in violation of law. *Smith v. Creech,* 186 N. C., 187.

The executor had authority, under the clear language of the will, not only to sell and make title in fee simple but the further discretion to turn over the proceeds of the sale to J. B. Williams. This discretion must be exercised fairly and in good faith, in his best judgment and sound discretion.

In *Makely v. Land Co.,* 175 N. C., 101, it was held: "A devise of land to the wife, to have 'complete control' for her life, to sell to pay debts of testator, who was her husband, and for division among their children, with power to give any share to testator's grandchildren, subject to the support of their parents for life, 'and to sell and make deed for said property as if it were her own, and without being required to give bond,' and expressing anxiety as to two of the testator's children, with 'hope that they will come around all right': *Held,* the will conferred the power upon the wife to sell the land in her discretion and make a valid deed, not requiring the purchaser to see to the application of the purchase money."

In *Parks v. Robinson,* 138 N. C., 269, it was held: "Where a testator died, leaving a widow and minor children and by his will gave to his wife 'during her natural life and at her disposal all the rest, residue and remainder of his real and personal estate': *Held,* that the wife was given an estate for life with a power to dispose of the property in fee." *Chewning v. Mason,* 158 N. C., 578; *Troy v. Troy,* 60 N. C., 624; *Stroud v. Morrow,* 52 N. C., 463; *Marrow v. Marrow,* 45 N. C., 148.

In the case of *Maclin v. Smith,* 37 N. C., 376, the 19th clause of the will is as follows: "It is my will that my children shall be sent to such school as will enable them to acquire the best education and fit them to move in an elevated sphere, affording to each the same opportunities as near as may be." *Gaston, J.,* said: "Her father, from whose bounty all her property is derived, has ordered, by declaring it to be his will, that she shall receive the best education that could be given her, so as to fit her to move in an elevated sphere, and he has not qualified this command by any limitation, that the cost shall not exceed her income. He could do with his own as he pleased, and, having willed that this object shall be effected, he has willed that all the means, which he has put into the hands of him, in whom he confided to effect it, shall, if necessary, be devoted to that purpose. As to the objection that the expenditures are extravagant, we cannot pass upon it, upon inspection of the accounts; but we feel ourselves authorized to declare that, if they have been made by the defendant in the honest exercise of his judgment, for the purpose of fulfilling the will of the testator, they ought to be allowed him."

In the *Marrow case, supra,* the will provides: "My children I wish educated from the proceeds of the plantation and funds in hand." On page 157 the Court says: "The children are respectively to receive such an education as is suitable to their estate and condition in life in the section of the country where they reside. There is no suggestion that the education bestowed upon the plaintiff is not a suitable and proper one and that may perhaps be assumed as a standard for the younger children; but this must be left in some degree to the sound discretion of the executor."

*Sawyer v. Dozier,* 52 N. C., 7, relied on by the appellants, is not applicable to the facts in the present case. In that case Haywood S. Bell declined both the offices of executor and guardian, and one William Sharmon was appointed guardian in his place. The latter was, by certain proceedings in the court of equity, removed from the guardianship, and Sawyer and Sharmon then came to a settlement; and it appearing that the guardian had expended some $417 more than the income of the ward's estate, the latter gave his note for the same, and executed to John Pool a deed of trust to secure the amount. The land was afterwards sold to the defendant Dozier, and a deed was made to him by Pool, the trustee, Sharmon, the *quandom* guardian, and Sawyer, the ward. Edmund D. Sawyer is dead, and the lessors of the plaintiff are his legitimate children, and made demand before suit brought. *Pearson, C. J.,* said: "By the will of Margaret Dozier the land in controversy is given to Edmund D. Sawyer for life, remainder to his children in fee, and in the event of his death without a child him surviving, then over; and a power is given to Haywood S. Bell to sell the land, if in his opinion a sale would promote the interest of said Sawyer. The power is naked; not coupled with any estate in Bell, and as he has not exercised it, we are at a loss to conceive of any ground to support the idea that the fact of conferring this power on him, to be exercised in his discretion, for the benefit of the tenant for life, has the legal effect of enlarging the estate of the latter, so as to give him (Sawyer) or Sharmon who, for a time acted as his guardian, a right to convey the land in fee simple. Nor are we able to see how the fact that Bell is appointed by the will of Mrs. Dozier the guardian of her grandson, the said Edmund D. Sawyer, has any bearing on the question." Bell, who had the discretion under the will, refused to exercise it, by not qualifying as executor.

In citing this case, it may not be amiss to call attention to C. S., 90, which is as follows: "When any or all of the executors of a person making a will of lands to be sold by his executors die, fail or for any cause refuse to take upon them the administration, or, after having qualified, shall die, resign, or for any cause be removed from the position

of executor, or when there is no executor named in a will devising lands to be sold, in every such case such executor or executors as survive or retain the burden of administration, or the administrator with the will annexed, or the administrator *de bonis non,* may sell and convey such lands; and all such conveyances which have been or shall be made by such executors or administrators shall be effectual to convey the title to the purchaser of the estate so devised to be sold."

The decision of numerous cases in other States are in harmony with the position here taken. We think the authorities in this State fully sustain the judgment rendered by the court below. The judgment is therefore

Affirmed.