LUCAS ET AL. v. MIDGETTE ET AL., BOARD OF COMMISSIONERS, AND J. R. BRITT ET AL., BOARD OF ELECTIONS OF BEAUFORT COUNTY.

(Filed 1 November, 1935.)

**Appeal and Error A e—**
   Where it is conceded on appeal that the election sought to be enjoined by plaintiffs has been held, plaintiffs' appeal presents a moot question, and will be dismissed.

CLARKSON, J., dissenting.

APPEAL by plaintiffs from *Small, J.,* at Chambers in Elizabeth City, 27 June, 1935. From BEAUFORT. Appeal dismissed.

*Varser, McIntyre & Henry, A. P. Godwin, LeRoy Scott, John D. Langston, and I. C. Wright* for appellants.
*J. D. Grimes, H. S. Ward, Bryan Grimes, H. C. Carter, and S. M. Blount* for appellees.

Schenck, J. This action was first instituted by the plaintiffs to enjoin the defendants from holding an election and putting into effect the provisions of chapter 493 of the Public Laws of 1935, upon the ground that the statute is unconstitutional and void. On 24 June, 1935, the plaintiffs secured from Frizzelle, J., a temporary order restraining the defendants from holding such election and citing said defendants to appear on June 28 to show cause why such restraining order should not be continued until the final hearing. Before notice of this temporary order was served upon the defendants they procured from Small, J., a temporary order restraining the plaintiffs from interfering by injunction or otherwise with their holding the election, and the judgment entered on 27 June, by Small, J., upon the hearing to determine whether his former order should be made permanent, contains the following: "It is further ordered and adjudged that the plaintiffs and each of them and their agents and attorneys be and they are hereby enjoined and restrained from in any way attempting to interfere with the defendants in the holding of said election and the performance of other duties imposed on them under the provisions of said act." To this judgment the plaintiffs excepted and appealed to the Supreme Court.

The only assignment of error in the record is to the signing of the judgment continuing the restraining order of Small J., in effect until the final hearing, and this assignment raises the only question involved on this appeal, namely, did the defendants have the right to restrain the plaintiffs from interfering by injunction with their holding of the election in Beaufort County as provided by the statute; and, since it is conceded that this election sought to be enjoined by the plaintiffs has been held, this appeal presents a moot question, and, under the decisions of this Court should be dismissed. *Rousseau v. Bullis,* 201 N. C., 12, and cases there cited.

Appeal dismissed.

Clarkson, J., dissenting: The questions involved: (1) When a suit is brought against defendants, public officers, to test the validity of a statute, and enjoin its enforcement, is it proper for the defendants to move in the same cause to secure an injunction against an injunction? I think not. (2) When plaintiffs have a temporary injunction against defendants, may the defendants, in the same cause, enjoin them from proceeding with the said injunction? I think not. (3) May the defendants, in the liquor act controversy, enjoin the plaintiffs, in the same suit from attempting, by said suit, to interfere with the defendants in the performance of the duties which said act attempts to confer, without the court passing on the validity of the act, and without any allegations of fact justifying such an attempt to prevent citizens from testing in the courts the validity of the liquor statute? I think not.

The plaintiffs are enjoined from in any way attempting to interfere with the defendants in the holding of an election, and the performance of other duties imposed on them under the provisions of said act. In other words, the plaintiffs are enjoined from preparing their case for trial on the merits, from in any way attempting to resist in the courts the putting into effect of what they consider an unconstitutional statute. This, when the statute was not before the court issuing the injunction, and its validity was not being passed upon by him. Plaintiffs could not do anything in the furtherance of said case. If other plaintiffs wanted to join, and when the plaintiffs had procured a temporary injunction before Judge Frizzelle, the defendants attempted to hold them for contempt, as shown by the affidavit in this case. The injunction did not limit itself to any alleged impropriety, but specifically would make the plaintiffs guilty of contempt, if they in said proceedings attempt to interfere with the defendants in putting the alleged unconstitutional act into effect or carrying it out, and the only allegation of any attempts were by legal proceedings in this cause. In other words, the order appealed from, without having the liquor act before the court for construction, would deny the plaintiffs the right to attempt to contest its validity by perfectly proper judicial proceedings.

The Constitution, Article I, section 35, says: "All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay."

The Beaufort County Liquor Act seems to be so sacro that the plaintiffs are not permitted even to attempt to question it. "It is generally held that an injunction will issue to restrain the holding of an election when there is no authority for calling it, and where the holding of an election would result in a waste of public funds." *Griffith et al. v. Board of Education of Forsyth County,* 183 N. C., 408. *Hawke v. Smith,* 253 U. S., 221, 64 L. Ed., 871. Where an order exceeds the authority conferred upon a public official, and is an illegal act done under color of his office, he may be enjoined from carrying it into effect. *Work v. Louisiana,* 269 U. S., 250, 70 L. Ed., 259, 263. The defendants were not acting in a governmental capacity. *State of Ohio v. Helvering,* 292 U. S., 360, 78 L. Ed., 1307.

The constitutionality of the statute was not before Judge Small. The question is the legal right to issue the restraining order and injunction when another restraining order had already been issued, but not served. This was known to the judge who issued the restraining order against plaintiffs and continued it to the hearing.

In *McReynolds v. Harshaw,* 37 N. C., 195 (196-7), it is said: "The supplementary bill, as it is called, is a perfect novelty. An injunction

is a prohibitary writ specially prayed for, because of matter of equity, requiring this extraordinary interposition of a court of conscience, to restrain a party from doing some act *in pais,* or from pursuing some proceeding in another court that is iniquitous, but from which he cannot otherwise be effectually restrained. An application to a court to restrain one of its suitors from moving the court for any relief, to which he believes himself entitled, can scarcely be considered as seriously made. If the contemplated motion be one which, under the circumstances of the case, is not proper to be granted, these circumstances should be disclosed, or brought to the notice of the court, upon the motion itself. The ground of enjoining proceedings in other courts is, because these courts, from the nature of their organization, cannot take effectual cognizance of the special matter, which renders the proceedings therein iniquitous. But the court, which is asked to enjoin proceedings because of equitable matter alleged, is unquestionably competent, when it shall be asked to sanction those proceedings, to determine whether they be iniquitous or not—whether it shall give or withhold that sanction."

In *Williams v. Brown,* 127 N. C., 51 (52), is the following: "The court cannot enjoin the defendant from talking, nor from threatening to enjoin the plaintiff. This would be to enjoin the defendant from enjoining the plaintiff, and we think this would be carrying the injunction business a little too far."

I do not think that a court of equity should consider a matter of this kind a moot question, when the subject which is termed moot is illegally obtained. I think the judgment of the court below should be reversed.